UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

MUBOR GLASS CORP, a Panamanian corporation,

CASE NO: 21-21421

    Plaintiff,

v.

ECO GLASS PRODUCTION, INC., a Florida corporation, and ECO GLASS PRODUCTION, LLC, a Florida limited liability company,

    Defendants.
_____/

## **COMPLAINT**

Plaintiff, MUBOR GLASS CORP, a Panamanian corporation ("Plaintiff" or "MGC"), by and through its undersigned counsel, hereby submits and serves its Complaint against Defendants, ECO GLASS PRODUCTION, INC., a Florida corporation, and ECO GLASS PRODUCTION, LLC, a Florida limited liability company (collectively, "Defendants" or "Eco"), and states as follows:

## **INTRODUCTION**

1. This is an action by Plaintiff against Defendants for breach of written contract, quantum meruit, and unjust enrichment for Defendant's failure to pay Plaintiff in full for Plaintiff's provision of its duties and obligations for Defendants, which included procuring float glass for Defendants, as well as coordinating for the float glass to be delivered to the United States.

Sanchez-Medina, Gonzalez, Quesada, Lago, Gomez & Machado llp
ATTORNEYS AT LAW | SMGQLAW.COM

## JURISDICTION & VENUE

2. The Court has jurisdiction over this matter because the amount in controversy exceeds the sum of $75,000.00, exclusive of interest, costs and attorneys' fees.

3. Venue is proper in Miami-Dade County, Florida for the following reasons:

    3.1. The performance of all services by Plaintiff for Defendants and all of the actions which gave rise to this litigation occurred in Miami-Dade County, Florida;

    3.2. Plaintiff's contract with Defendants for Plaintiff's services was delivered in Miami-Dade County, Florida; and

    3.3. The principal address of Defendants is in Miami-Dade County, Florida

## PARTIES

4. Plaintiff, MGC, is a Panamanian corporation doing business in Miami-Dade County, Florida. MGC is a glass purchaser and importer.

5. Defendant, Eco Glass Production, Inc., is an inactive Florida corporation formerly doing business in Miami-Dade County, Florida. According to the Florida Department of State, Division of Corporations, Eco Glass Production, Inc. was converted to Eco Glass Production, LLC effective January 19, 2021.

6. Defendant, Eco Glass Production, LLC, is a Florida limited liability company doing business in Miami-Dade County, Florida. Eco owns a glass manufacturing plant in Florida.

## GENERAL ALLEGATIONS

7. On or about February 8, 2018, Eco began purchasing float glass from MGC and importing such float glass to the United States.

8. Pursuant to the agreement between Eco and MGC, MGC is owed Eighty-eight Thousand Seven Hundred Seventy-Two and 64/100 Dollars ($88,772.64) in connection with the provision of its duties and obligations for Defendants, which included procuring the float glass, as well as coordinating for it to be delivered to the United States. A copy of Eco's order and payment history, collectively referred to herein as the "Contract", is attached hereto as **Exhibit "A"**.

9. To date, Eco has made only one payment of Thirteen Thousand Five Hundred Sixty-Three and 27/100 Dollars ($13,563.27) on February 14, 2018 but has failed to make any additional payments owed to MGC.

10. MGC, through its authorized representative, Mayra Mustafa, attempted to collect on the remaining balance from Defendants, to no avail. A copy of the demand letter from MGC to Defendants dated January 8, 2020 is attached hereto as **Exhibit "B"**.

11. Furthermore, Eco acknowledged delivery of the float glass in previous emails with Ms. Mustafa, but still has failed to make any additional payments to Plaintiff for Plaintiff's provision of the float glass for Defendants.

12. Plaintiff has complied with all conditions precedent to bringing this action.

13. Plaintiff has retained the law offices of SANCHEZ-MEDINA, GONZALEZ, QUESADA, LAGE, GOMEZ & MACHADO LLP ("SMGQ Law") to represent it in this matter and has agreed to pay reasonable attorneys' fees and costs to SMGQ Law.

## COUNT I - BREACH OF CONTRACT

14. Plaintiff repeats and incorporate the allegations contained in paragraphs 1 through 13 above as if fully set forth in this Count I.

15. Plaintiff and Defendants entered into a valid written Contract in connection with the provision of Plaintiff's duties and obligations for Defendants, which included procuring the float glass for Defendants, as well as coordinating for it to be delivered to the United States for Defendants. A copy of Eco's order and payment history, collectively referred to herein as the Contract", is attached hereto as **Exhibit "A"**.

16. Defendants materially breached the Contract with Plaintiff by failing to make payment to Plaintiff in full.

17. Plaintiff has sustained damages as a result of Defendants' breach of the Contract.

18. Pursuant to the Contract, Defendants owe MGC Eighty-eight Thousand Seven Hundred Seventy-Two and 64/100 Dollars ($88,772.64)

**WHEREFORE**, Plaintiff, MUBOR GLASS CORP, a Panamanian corporation, respectfully requests that this Court enter a judgment against Defendants, ECO GLASS PRODUCTION, INC., a Florida corporation, and ECO GLASS PRODUCTION, LLC, a Florida limited liability company, for all available damages, prejudgment interest, attorneys' fees and costs, and any other relief deemed appropriate in favor of Plaintiff.

## COUNT II- QUANTUM MERUIT IN THE ALTERNATIVE

19. Plaintiff repeats and incorporates the allegations contained in paragraphs 1 through 13 above as if fully set forth in this Count II and pleads quantum meruit in the alternative.

20. Plaintiff conferred benefits upon Defendants when Plaintiff provided its duties and obligations to Defendants, which included procuring the float glass for Defendants, as well as coordinating for it to be delivered to the United States for Defendants.

21. Defendants acquiesced to Plaintiff's services and agreed that Plaintiff would provide services for Defendant in exchange for Defendants' payment for those services to Plaintiff.

22. Defendants were aware that Plaintiff expected compensation for its services.

23. Defendants received the benefits of Plaintiff's services under circumstances where, in the ordinary course of common events, a reasonable person receiving such benefits normally would expect to pay for the benefits.

24. Defendants were unjustly enriched by the benefits conferred upon Defendants by Plaintiff.

25. Plaintiff has sustained damages as a result of Defendants' actions.

**WHEREFORE**, Plaintiff, MUBOR GLASS CORP, a Panamanian corporation, respectfully requests that this Court enter a judgment against Defendants, ECO GLASS PRODUCTION, INC., a Florida corporation, and ECO GLASS PRODUCTION, LLC, a Florida limited liability company, for all available damages, prejudgment interest, attorneys' fees and costs, and any other relief deemed appropriate in favor of Plaintiff.

### COUNT III – UNJUST ENRICHMENT IN THE ALTERNATIVE

26. Plaintiff repeats and incorporates the allegations contained in paragraphs 1 through 13 above as if fully set forth in this Count III and pleads unjust enrichment in the alternative.

27. Plaintiff conferred benefits upon Defendants when Plaintiff provided its duties and obligations to Defendants, which included procuring the float glass for Defendants, as well as coordinating for it to be delivered to the United States for Defendants.

28. Defendants appreciated the benefits and were unjustly enriched by Plaintiff's conferring of benefits upon Defendants.

29. Defendants knowingly accepted and retained the benefits provided by Plaintiff such that it would be inequitable for Defendants to retain the value of the benefits provided by Plaintiff without paying Plaintiff the value thereof.

30. Plaintiff has sustained damages as a consequence of Defendants' actions.

31. Plaintiff lacks an adequate remedy at law.

**WHEREFORE**, Plaintiff, MUBOR GLASS CORP, a Panamanian corporation, respectfully requests that this Court enter a judgment against Defendants, ECO GLASS PRODUCTION, INC., a Florida corporation, and ECO GLASS PRODUCTION, LLC, a Florida limited liability company, for all available damages, prejudgment interest, attorneys' fees and costs, and any other relief deemed appropriate in favor of Plaintiff.

## DEMAND FOR JURY TRIAL

Plaintiff, MUBOR GLASS CORP, demands a jury trial as to all issues so triable.

Dated: April 14, 2021

                                              Respectfully submitted,

                                              By:    /s/ Carlos A. Garcia Perez
                                                     CARLOS A. GARCIA PEREZ, ESQ.
                                                     Florida Bar No. 106895
                                                   Email: cgarciaperez@SMGQLAW.com
                                                   **SANCHEZ-MEDINA, GONZALEZ, QUESADA, LAGE, GOMEZ & MACHADO LLP**
                                                   201 Alhambra Circle, Suite 1205
                                                   Coral Gables, Florida 33134
                                                   Tel: (305) 377-1000
                                                   Fax: (855) 327-0391
                                                   *Attorneys for Plaintiff*